UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| VICTOR EUGENE JOSEPH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-91-W |
| | ) | |
| STATE OF OKLAHOMA et al., | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

On February 3, 2016, Petitioner Victor Eugene Joseph, a state pretrial detainee, submitted an initiating pleading as well as an application seeking leave to proceed *in forma pauperis* (Doc. No. 2). This matter was referred to the undersigned for initial proceedings in accordance with 28 U.S.C. § 636. In February, April, and June of 2016, Petitioner was ordered to either pay the requisite filing fee or to cure certain deficiencies with respect to his *in forma pauperis* application. Petitioner has taken no further action in this case despite the Court's orders. In light of Petitioner's failure to prosecute his case and to comply with the Court's orders and applicable rules, the Court should dismiss this matter without prejudice.

*I.    Background*

Upon initial review of Petitioner's filings, the Court informed Petitioner that the nature of his pleading was unclear and ordered him to submit either a 42 U.S.C. § 1983 complaint or a 28 U.S.C. § 2241 petition for filing. *See* Order of Feb. 22, 2016 (Doc. No. 9) at 3. The Court also informed Petitioner that his *in forma pauperis* application is deficient because it "does not include the required Statement of Institutional Accounts" or

the required "certified copies of his six-month institutional account statement(s) certificate, executed by an authorized officer of the relevant penal institution(s)." *See id.* at 2-3; LCvR 3.3(b), (c). Petitioner was instructed that if he wished to proceed *in forma pauperis*, he must complete the Court's approved form for incarcerated persons "and return it, including the required statement and account information, to the Clerk of Court no later than March 14, 2016." *Id.* at 3. Petitioner was advised: "Failure to comply with this Order may result may result in the dismissal of this action." *Id.*

Petitioner did return a completed § 2241 petition to the Court, *see* Doc. No. 10, but despite the Court's express instruction Petitioner did not submit a completed *in forma pauperis* application. Instead, Petitioner proffered a two-page notice in which he purports to request the Court's assistance "in retrieval" of pages 3 and 4 of the application form, stating that he "ha[s] not left his cell in months" and "giv[ing] permission" to the Court to withdraw monies from his prison account. *See* Pet'r's Notice (Doc. No. 11) at 1-2. On April 14, 2016, the Court found that Petitioner's Notice did not contain the specific information required by this Court's Rules and did not adequately support Petitioner's request to proceed *in forma pauperis*. *See* Order of Apr. 14, 2016 (Doc. No. 12); LCvR 3.3(a). The Court therefore ordered Petitioner to either pay the applicable $5.00 filing fee or submit a new, complete application seeking leave to proceed *in forma pauperis* no later than May 5, 2016. *See* Order of Apr. 14, 2016, at 2-3. Petitioner was again advised: "Failure to comply with this Order may result in denial of *in forma pauperis* status and/or dismissal of this action." *Id.* at 3. Petitioner additionally

was instructed that he could present that Order to jail officials in obtaining their cooperation with meeting these requirements. *See id.*

Following issuance of the Court's second Order, Petitioner submitted no updated application or any other filing. Accordingly, the Court ordered that Petitioner "shall have one final opportunity to cure the deficiencies previously designated" and that Petitioner must either pay the $5.00 filing fee or file a proper application for leave to proceed *in forma pauperis* no later than June 1, 2016. *See* Order of May 12, 2016 (Doc. No. 13) at 2. Petitioner was advised "that failure to cure the noted deficiencies and to comply with the Court's Order may result in a denial of *in forma pauperis* status and/or dismissal of this action." *Id.* at 2-3 (citing LCvR 3.2, 3.3(a)-(b); R. 1(b), 3(a), R. Governing § 2254 Cases in U.S. Dist. Cts.).

The Court's three Orders and appropriate forms were all mailed to Petitioner at the address provided by him at the Oklahoma County Detention Center, and there is no indication from the docket that he did not receive these transmissions. *See* Doc. Nos. 9, 12, 13.

II.     *Petitioner's Failure to Prosecute and to Comply with Court Orders*

As of this date, Petitioner has not paid the filing fee, filed a complete application for leave to proceed *in forma pauperis*, sought an extension of time, or attempted to show good cause for his failure to follow the Court's directive. "Petitioner's lack of interest in complying with the Court's Order[s] combined with the Court's attempt to manage and control its caseload warrant[s] a dismissal of the action without prejudice." *Berryhill v. Trammell*, No. CIV-13-1083-W (W.D. Okla. Nov. 19, 2013) (R. & R. at 2) (citing

3

*Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)), *adopted*, Order (W.D. Okla. Dec. 16, 2013) (dismissing habeas petition for failure to cure deficiencies); *accord Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits sua sponte for lack of prosecution "to achieve the orderly and expeditious disposition of cases"). Accordingly, this action should be dismissed without prejudice. *See, e.g.*, *Thornton v. Estep*, 209 F. App'x 755, 756-57 (10th Cir. 2006) (finding no abuse of discretion in district court's dismissal of habeas petition for failure to prosecute when petitioner failed to respond to court's order and to comply with local rule); *Adams v. Wiley*, 298 F. App'x 767, 768-69 (10th Cir. 2008) (affirming dismissal of § 2241 action for failure to prosecute and comply with magistrate judge's order where "despite being warned of the consequence that his action would be dismissed, [the petitioner] failed to submit the forms as ordered by the court"); *cf. Gonzales v. Bernalillo Cnty. Dist. Ct.*, No. 15-2155, 2016 WL 496041, at *1-3 (10th Cir. Feb. 9, 2016) (affirming dismissal of civil rights complaint based upon plaintiff's failure to submit a certified six-month inmate account statement as ordered by magistrate judge); *Bakalov v. Utah*, 4 F. App'x 654, 655-58 & n.5 (10th Cir. 2001) (rejecting appeal of district court's dismissal of habeas action based upon petitioner's failure to file an amended petition as ordered).

## RECOMMENDATION

The undersigned therefore recommends that Petitioner's action be dismissed without prejudice to refiling.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by July 19, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Petitioner further is advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned in the present case.

ENTERED this 28th day of June, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE